## HOMER & a. v. FALCONER.

In a suit to recover a balance of account, evidence that the plaintiff had in his hands property of the defendant upon which he had a lien sufficient to meet all his demands against the defendant, is not admissible to defeat the plaintiff's recovery.

ASSUMPSIT, to recover a balance of accounts. The defendant did not appear. The defence was made by subsequent attaching creditors, who did not deny that the defendant owed the plaintiffs the full amount claimed; but they offered to show that when the plaintiffs brought this suit they had in their hands in Massachusetts sufficient property, which the defendant had sent them, and on which they had a lien, to meet all their demands against the defendant, and that they made an agreement with the defendant to bring this suit for the purpose of covering the defendant's property in this state, and in that way to keep it from his other creditors, and to keep the funds in Massachusetts in the plaintiff's hands for the defendant's benefit, and that this agreement had been substantially carried out. The court rejected the evidence, and ordered a verdict for the plaintiff, and the creditors excepted.

*Barnard & Barnard, Cogswell, Whipple,* and *Thompson,* for the subsequent attaching creditors.

*Currier* and *Copeland,* for the plaintiffs.

STANLEY, J. The issue was the same whether the defence was made by the defendant or the subsequent attaching creditors. *Carlton* v. *Patterson,* 29 N. H. 586; *Mathewson* v. *Powder Works,* 44 N. H. 289; *Dorr* v. *Leach,* 58 N. H. 18; *Emerson* v. *Emerson,* 58 N. H. 413. That issue was, whether the defendant owed the plaintiffs. The testimony offered by the creditors had no bearing on this question, and was properly excluded. The fact that the plaintiffs had property in their hands as security was not a payment of their debt, nor a defence to an action to recover it. Their right to bring this suit and attach property was not taken away by their lien on other property, nor by their purpose to hold it for the benefit of the defendant. *Wehle* v. *Conner,* 83 N. Y. 231, 238. Satisfaction of their judgment in this case out of the attached property will dissolve their lien on the other, and leave the other to be applied by legal process for the benefit of other creditors.

*Judgment on the verdict.*

FOSTER, J., did not sit: the others concurred.